RAMIRO CASTRO, Plaintiff and Appellant, *v.* SOCIETÉ ANONYME DES SUCRERIES DE SAINT JEAN, Defendant.—AUGUST and CONSTANT GOFFINET, Intervenors and Appellees.

No. 3635. Argued June 10, 1925.—Decided July 24, 1925.

1. COSTS—ATTORNEY'S FEES—DISCRETION OF COURT—APPEAL.—Under the law governing costs the court below considers the facts in each particular case and imposes or not the payment of attorney's fees, fixing the amount thereof. The Supreme Court will interfere only when the lower court abuses its discretion or commits manifest error.

2. ID.—ID.—ID.—In determining the amount of attorney's fees the courts are not bound to fix the amount actually paid by the winning party, but may allow an amount equal to the value of the services rendered, or a part of it, if the circumstances of the case so require.

3. ID.—ID.—ID.—TEMERITY.—In the matter of costs the court exercises its discretion both when it renders judgment and when it approves the memorandum of costs. The temerity of the defeated party should be taken into account in the first instance and may be considered in the second.

4. ID.—ID.—CONTINGENT FEES.—When there is a yearly contract between the winning party and his attorney it may be taken into consideration in determining the amount of attorney's fees, but the court should not forget that in fixing the amount the *value of the services* is the basis of its decision.

First District Court of San Juan, Charles E. Foote, J. Order approving a memorandum of costs. *Modified.*

*M. Tous Soto* for the appellant. *Henry G. Molina* for the intervenor-appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from an order approving a memorandum of costs and attorney's fees.

Ramiro Castro filed a complaint against the Societé Anonyme des Sucreries de Saint Jean. August and Constant Goffinet intervened and the court finally rendered judgment that the plaintiff "pay to the intervenors out of the products received or that he might receive from the said twelve acres of newly planted sugar cane the sum of $669.00" with interest and the costs.

When the judgment became final the intervenors filed a memorandum of costs containing an item of disbursements amounting to $24.60 and an item of attorney's fees in the sum of $1,000.

Plaintiff Castro objected to the memorandum on various grounds. The only grounds necessary to be considered are those referring to the item of attorney's fees, as follows: Because the intervenors have not paid nor agreed to pay one thousand dollars, or any other amount as attorney's fees, and because in any event the fee is excessive.

At the hearing attorneys F. Soto Gras and H. G. Molina testified.

Attorney Soto Gras said:

"That he had examined the pleadings, the motions and the briefs constituting the record in the case and also had heard the statements of Mr. Molina and thus had acquired a perfect knowledge of the matter in dispute and of the work done by Mr. Molina.

"That there is involved in the case a question of a preferred claim between the lessor of a farm to collect the rent and the creditor under an agricultural contract involving the same farm to collect the amount of the contract, and that therefore the question required a special study of the law of agricultural contracts.

"That the question was difficult of solution, requiring careful and thorough study that could be given to it only by a lawyer having the ability and experience of Mr. Molina.

"That the fees of an attorney who has had charge of a case can not be determined by considering merely the time employed before the court, but the office study, the depth of the question involved and the fact that it is not an ordinary question about which there are available decisions, should be taken into account.

"That considering all of the circumstances referred to and present in this case, he believed in good faith and without any doubt that the sum of one thousand dollars charged as attorney's fees by Mr. Molina is not excessive and is a reasonable compensation for his services, although the amount involved in the suit is less than that sum.

"That a suit wherein a great sum of money is involved may be very easy and its study and attention before the court might merit only a small sum as attorney's fees, yet a suit wherein a small amount is involved may have difficult and doubtful questions worthy of a larger sum as attorney's fees, as in the case at bar."

Mr. Molina testified:

"That he is the attorney for intervenors August and Constant Goffinet and also for defendant Societé Anonyme des Sucreries de Saint Jean, and that he has the same yearly contract with both, the attorney's fees for services rendered to both being paid to him as therein agreed; that under the contract he is bound to study and defend all suits that may be brought during the year against the company or the Goffinets; that under the agreement with his said clients, in addition to the amount paid yearly for his professional services the witness receives all attorney's fees that may be allowed to his said clients in any suit in the courts of Porto Rico, and that condition was taken into consideration by the witness at the time of fixing the yearly amount.

"That if the sums paid to him yearly by the Societé Anonyme des Sucreries de Saint Jean and the Goffinets during the time this suit has been pending should be distributed among those cases to which he had to attend during the same period, the fee in this case would amount to the sum of fifty or sixty dollars."

Plaintiff Castro offered no evidence and the court made the ruling to which we have referred.

A large number of the decisions of this court are concerned with the matter of costs, especially in so far as they relate to attorney's fees.    It seems that there is a tendency to charge very large amounts as attorney's fees and although the district courts and the Supreme Court generally have reduced those amounts, it is said that since no fixed rule has been established, the rule remains uncertain and the litigants appear before the courts fearful that the imposition of costs may constitute a penalty on them greater than they can bear.

[1, 2] As the law stands in Porto Rico, it is impossible to establish any other rule than to leave it to the trial court to judge the circumstances of each case and fix the amount of the attorney's fees accordingly, this court to intervene on appeal only when the trial court abuses its discretion or commits manifest error.

If the statute determined a nominal sum for each case, or a certain schedule in relation to the amount in litigation or the nature of the action, the certainty of the rule as seems to be desired by the attorney for the appellee could be attained.    Perhaps that would be best under the conditions that have developed, but we are compelled to leave this to the Legislature.

However, with the law and the jurisprudence as they exist, we see no reason for great alarm if both are properly applied.    In the case of *Fragoso* v. *Marxuach,* 32 P. R.R. 634, after analyzing several decisions, the court said:

"It is a fact to which attention has been called in many cases that large sums of money are being claimed in the courts for attorney's fees and that there is no clear and exact rule for determining the amount.

"If the intention of the Legislature and the jurisprudence of this court be carefully considered and applied in their proper spirit, it will be found that there is such a rule.    The statute declares the right to recover attorney's fees.    The amount is left to the discretion of the court.    That discretion is very broad, for the court is not bound to allow the amount actually paid for attorney's fees by

the winning party, but the amount representing the value of the services, and in some cases not even all of that, but only a part of it. Hence, all depends upon whether the litigants know how to present the facts of their case to the court and whether the court, with a disposition to impart justice, weighs the said facts and decides correctly in each particular case.''

The law provides as follows:

''Section 1.—That section 327 of the Code of Civil Procedure is hereby amended so as to read as follows:

''Section 327.—Parties to actions or proceedings, including The People of Porto Rico, are entitled to costs and expenses subject to the rules hereinafter provided.

''In all cases where costs have been allowed to one party in an action or proceeding in a district court, said party shall, in the discretion of the district court, be entitled to receive from the defeated party an amount representing the value of the services of his attorney or a part of such amount; *Provided,* That nothing in this section shall be deemed to allow attorney's fees to be included in costs taxed against a defendant who shall not have entered appearance in an action or proceeding; *And provided further,* That the fees and costs shall be allowed in the discretion of the judge taking cognizance of the action or proceeding, considering also the degree of blame, if any, of the party against whom judgment is rendered.'' Acts of 1917, vol. 1, page 206.

See the other sections of the Code which prescribe the procedure to be followed after the memorandum has been filed.

[3] There are two instances where the trial court exercises its discretion: (1) when its judgment is rendered, and (2) when it approves the memorandum. In the first instance it allows costs or not, with or without attorney's fees, and in the second it determines the amount. The attention of the court should advert strictly to the fact that the law authorizes the court to allow the full value of the services rendered by the attorney of the winning party, or a part of such value according, naturally, to the circumstances of each case.

The temerity of the defeated party is one of those circumstances. When the court imposes costs in its judgment it is because it believes that the defeated party acted with temerity. Temerity is of different degrees. In rendering its judgment and considering the degree of temerity of the defeated party the court may impose upon him the payment of costs excluding from them the attorney's fees, or it may simply impose the costs, which carries with it the attorney's fees, the said court having thereafter an opportunity to reconsider the degree of temerity of the defeated party in fixing the amount of the fees.

Many other circumstances can be taken into account by the court in fixing the amount. See the case of *Bertrán v. Carrasquillo,* 29 P.R.R. 520, wherein jurisprudence covering the matter as summarized by Corpus Juris is transcribed.

In the case now under consideration it is difficult to arrive at a mathematical conclusion. The attorney for the winning party admitted that he had a contract with his clients and referred to a small sum in relation to the time given to this suit, but he also mentioned that the contract provided that he was entitled to receive the attorney's fees that might be granted to his client in any suit and that stipulation was taken into account in fixing the yearly amount.

Under those circumstances we can not agree with the appellant's contention that the only amount that can be allowed in this case as attorney's fees is the sum of fifty or sixty dollars which the intervenor's attorney himself estimated as a proportion between the time employed in this suit and the yearly contract. If during the whole year this had been the only suit brought against the intervenors, they would have been bound nevertheless to pay to their attorney the amount agreed upon. Would it be just to impose upon the defeated party in this suit the payment of the whole sum? By no means.

[4] Although it is the party and not his attorney who has a right to receive the attorney's fees, the rule laid down by statute for their calculation is "the value of the services" and that value is what should govern the court when it orders payment in full or in part according to the circumstances of each case. When there is a yearly contract between the winning party and his attorney it may be taken into account for fixing the amount in connection with the other circumstances, but without forgetting that the value of the services is what should be taken by the court as a basis for its decision.

Considering all of the circumstances of this case, it may well be concluded that the value of the services of the attorney for the winning party can be fixed at one thousand dollars, but should payment be ordered of the whole value or of a part thereof?

The degree of temerity of the defeated party does not appear to be extraordinary. He established his claim. Other persons intervened and set up a better right to the amount sued for and the court finally acknowledged that right. A new and difficult question of law was involved and it seems that there was no jurisprudence touching it, hence the obstinacy of the defeated party in defending may be explained. Furthermore, the amount of the judgment was only $669. How is it possible to allow one thousand dollars as attorney's fees? It would require an extraordinary case indeed wherein all of the circumstances militated against the defeated party. We believe that two hundred dollars, which is more than twenty per cent of the amount of the judgment, is the part of the value of the services that should be equitably ordered to be paid in this case.

In connection with what has been said, see the opinion of this court delivered by Mr. Justice Hutchison in the case of *López Ramírez de Arellano et al.* v. *Benítez Castaño, etc., post,* page 563.

The order appealed from should be so modified and, as modified, affirmed.

Mr. Justice Hutchison concurred in this opinion.

Mr. Justice Wolf took no part in the decision of this case.

### CONCURRING OPINION OF MR. JUSTICE FRANCO SOTO.

I agree with the judgment reducing the attorney's fees to $200 because the sum of $1,000 allowed by the court below was excessive, inasmuch as the importance of the services rendered by the attorney for the appellees in the suit involving $669 was not properly considered by the judge in fixing said fees.

However, it seems to be of great importance that we express our opinion in regard to the question of costs, for notwithstanding the fact that a great many decisions have been rendered heretofore by this court on the matter, there arises a division in the court as to the strict interpretation of section 327 of the Code of Civil Procedure as amended on March 12, 1908, and later by Act No. 38 of April 12, 1917 (p. 206).

The uncertainty mentioned by the attorney for the appellees to the effect that in the decisions of this court in the matter of costs there is no definite rule is due no doubt to the failure to take into account the origin or precedents of the Spanish Law of Civil Procedure, from which was taken the raw material, if we may so call it, for amending the Code of Civil Procedure now in force, it being in turn taken from the legislation of California, but having been amended in the matter of costs in the manner to be hereafter stated.

Sections 327 and 339 of the Code of Civil Procedure, as originally approved, are as follows:

"Section 327.—The measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties; but parties to actions or proceedings are entitled to costs and disbursements, as hereinafter provided."

"Section 339.—The party in whose favor the judgment is rendered, and who claims his costs, must deliver to the secretary, within five days after the judgment or notice of the decision of the court or referee, a memorandum of the items of his costs and necessary disbursements in the action or proceeding, which memorandum must be verified by the oath of the party, or his attorney or agent, or by the clerk of his attorney, stating that to the best of his knowledge and belief the items are correct, and that the disbursements have been necessarily incurred in the action or proceeding. A party dissatified with the costs claimed, may, within three days after the filing and service of the bill of costs, file a motion to have the same taxed by the court in which judgment was rendered, or by the judge thereof at chambers."

And as amended by enactments in 1917, Vol. I, page 206 and Vol. II, page 228, they are as follows:

"Section 327.—Parties to actions or proceedings, including The People of Porto Rico, are entitled to costs and expenses subject to the rules hereinafter provided.

"In all cases where costs have been allowed to one party in an action or proceeding in a district court, said party shall, in the discretion of the district court, be entitled to receive from the defeated party an amount representing the value of the services of his attorney or a part of such amount; *Provided,* That nothing in this section shall be deemed to allow attorney's fees to be included in costs taxed against a defendant who shall not have entered appearance in an action or proceeding; *And provided further,* That the fees and costs shall be allowed in the discretion of the judge taking cognizance of the action or proceeding, considering also the degree of blame, if any, of the party against whom judgment is rendered."

"Section 339.—Costs shall be claimed by the party to whom they have been granted by delivery to the secretary of the court wherein judgment was rendered in the first instance of a memorandum of said costs, of the disbursements necessarily made in the suit by the claimant, and of the amount of his attorney's fees, the truth of which memorandum shall be sworn to by the party or his attorney. Delivery of such memorandum shall be made within the ten days following that on which the term for appeal *of* (from) the judgment rendered in the case shall have expired, in case no appeal shall have been taken; if an appeal has been taken said delivery

shall be made within the ten days following that on which the court rendering judgment in the first instance shall have received official advice of the decision rendered on appeal in the last instance.

"The party against whom the costs have been taxed shall be furnished with a copy of said memorandum by the party presenting the same, and he may object to all or any of the items thereof within ten days after his copy has been delivered to him. In case of objection, the adverse party may file his answer within five days after he has been served with a copy of such objection. The court shall fix a day for the hearing of the case and upon said hearing, at which such evidence as may be pertinent and offered by the parties shall have been introduced, the court shall render its decision.

"Should objection be made to the fees of an attorney on the ground that they are excessive, the court shall, upon deciding said objection, if the same be sustained, determine the amount of fees that shall be paid.

"From decisions of the court in the matter of objection to a memorandum of costs, appeal may be taken by the party or his attorney.

"Where no objection has been made in due time to a memorandum of costs, or where such objection is made and the court has rendered its final decision thereon and no appeal has been taken therefrom, or in case such an appeal has been taken a final judgment is rendered, pursuant to the decision on such appeal, the party against whom the costs have been taxed shall deposit the amount thereof with the secretary of the court within five days after notice thereof has been served upon him by the secretary. Should he fail to do so, a writ of execution shall issue in the same manner as in the case of a judgment; *Provided,* That nothing in this section contained shall be deemed to allow attorney's fees to be included in costs taxed against a defendant who shall not have entered his appearance in the action or proceeding."

In the natural order of procedure the first thing is the imposition of costs and then in the second place the determination of the amount. In regard to the mere imposition of costs, that is, the first step, the Law of *Partidas,* law No. 8, chapter 22, *Partida* No. 3, to justify a penalty against those who maliciously and without right bring suits and thus without cause trouble the adverse parties and occasion them costs and expenses, provides:

"And in conclusion we say that those who bring suit or defend themselves against one without having a right motive for so doing, not only should be adjudged defeated after the trial of the suit, but they should also be sentenced to pay the costs which by reason of the suit were occasioned by the other party. However, if the judge should understand that the defeated party acted with a right motive in bringing or defending the action, the judge must not order him to pay the costs."

And this ancient legal doctrine has been preserved in different words in the last proviso of section 327, *supra,* though in the logical order of things it should have been inserted at the beginning of the provision on costs. The imposition of costs is determined when the judgment is rendered and we understand that it is the only instance in which they are granted or denied in whole or in part, the trial judge considering within his discretion the temerity or degree of blame or the complete exemption of the defeated party. Therefore, if the temerity is obvious the imposition of costs is a matter of law, but if it is understood that the defeated party acted, as the Law of *Partidas* says, with a right motive in bringing or defending the suit, then the discretion of the judge intervenes to consider the said motive in order to determine the degree of temerity or blame and to impose or not payment of part of the costs. This can not be more reasonable, since such discretion not being arbitrary at the caprice of a judge, but judicial discretion to be based on the facts of each case, the theory of the law is a guaranty, especially when we consider that such discretion is subject to be reviewed on appeal. But if the imposition of costs is not attacked when the final judgment is rendered, that opportunity is lost and the question of temerity or degree of blame has no weight or value in discussing and determining the amount of the costs in the separate proceeding for that purpose provided by law. Before going further into this question and going back to the first point, we will say that the Supreme Court of Spain established in various decisions the rules by which the mat-

ter is governed, declaring that the law requires for the imposition of costs in the first instance, which are the only costs provided for by our local law, that the suit be malicious, or that the litigant, either plaintiff or defendant, acted without a right motive or with temerity. It also held that the lower court is the one to judge the circumstances as a question of fact as they appear from the record, and that on appeal the appellate court can not interfere unless an error of law or of fact is apparent, the latter from the authentic acts or documents on record. Judgments of February 27, 1861, 69 *J. C.* 279; January 9, 1862, 7 *J. C.* 24; January 4, 1866, 13 *J. C.* 2; October 4, 1869, 20 *J. C.* 374; February 11, 1874, 29 *J. C.* 266; March 10, 1881, 45 *J. C.* 474; December 15, 1883, 53 *J. C.* 409, and many others.

When costs are imposed and the judgment is final in that respect we come to the special proceeding for fixing the amount. Section 339 of the Code of Civil Procedure, *supra,* regulates the proceeding. There is little to be done about the actual costs and disbursements necessarily incurred, which should be stated in the memorandum filed by the claimant, for they are subject to a schedule. That is why section 339 provides nothing as to what the trial judge shall do in that particular. However, it expressly provides that "Should objection be made to the fees of an attorney on the ground that they are excessive, the court shall, upon deciding said objection, if the same be sustained, determine the amount of fees that shall be paid." The law also prescribes that such evidence as may be pertinent and offered by the parties shall be heard. It may be observed that the Legislature followed the rule of the Spanish Law of Civil Procedure of an incidental and independent proceeding for fixing the amount of the attorney's fees when they are objected to, but it departed from the rule in not submitting the taxation to limited evidence, inasmuch as under the Spanish law the question was submitted to the bar association, and where there was none to two lawyers appointed

by the judge, although it must be observed that the decision of the latter was not subject to the report of the bar association to which the matter was referred. Section 427 of the Spanish Law of Civil Procedure. At any rate the examination of such evidence had no other purpose than to determine the importance of the services rendered and under our law as amended there should be no deviation from the old law in that respect. The element of temerity, malice or degree of blame that had been the basis of the judgment in the main action was not to be considered. '

The discretion of the trial judge had at no time to be based on the temerity or degree of blame in fixing the amount of attorney's fees and we deny that his discretion is to be exercised on that point and up to his last decision and the fixing of the amount. If such rule should be adopted in the sense of "to reconsider the degree of temerity of the defeated party in fixing the amount of the fees," a case could at all times arise wherein after the affirmance on appeal of a judgment properly imposing the costs by reason of the temerity of the defeated party, or it having been consented to in that particular, the question already decided would again be raised at the time of deciding the objection to the memorandum of costs. We must insist, therefore, in saying that the question of whether a party ought to pay the costs because his temerity has been declared remains definitely decided by the judgment or by the appeal in that particular and that in the memorandum the investigation should be limited to the ascertainment of the sum or amount to be paid by the said party according to the value or importance of the services rendered by the attorney and that the said value or importance should not be judged by the degree of temerity that the party would have shown in his action or defense. The judge, therefore, may reduce the fees to the amount that he may deem just or may overrule the objection after considering the importance of the services rendered by the attorneys. In many

of its decisions this court has impliedly held that the question of temerity is one that can not be raised anew when fixing the amount of the attorney's fees. In the case of *Cruz* v. *Valentín,* 31 P.R.R. 245, it was held that the purpose of a memorandum of costs is only to determine and fix the amount that should be paid, citing the cases of *Veve* v. *Municipality of Fajardo,* 18 P.R.R. 738; *Busigó* v. *Yordán,* 19 P.R.R. 598; *Hermida* v. *Márquez,* 19 P.R.R. 444; *Byrón* v. *González,* 19 P.R.R. 982; *Fajardo Sugar Co.* v. *Santiago,* 19 P.R.R. 1091, and *Laborde* v. *López,* 29 P.R.R. 499. In the *Busigó Case* it was held that a trial court lacks jurisdiction in a costs-bill proceeding to decide whether an attorney is entitled to recover fees from the adverse party when appearing in his own defense, because that question should be decided in the judgment that puts an end to the suit.

It is not unusual, however, that the amount of attorney's fees have sometimes taken extravagant proportions notwithstanding the small sum in litigation, as, occurs in the case at bar, and could more reasonably occur in more important cases. The evil is in the system and in that we have perhaps entirely departed from the old practice and our decisions may have gone a little farther in respect to the nature of the said fees.

In the old practice the lawyers used to put the value of their services below their signature and then when presenting their bills they did not include the fees in a lump sum but in detail, item by item in their order of date, and the object of the services.

The aim of this was to show whether the fees had been earned in the suit because the conferences in preparing the case or for its defense or the advices given for that purpose could not be exacted from the party on whom the costs were imposed, but the attorney could require payment for such services directly from his client. Those services were not considered as earned in the suit, although connected

with it. The law now in force does not define the nature of the services for which fees may be claimed from the adverse party; however, the new practice and the jurisprudence have interpreted the rule in the sense of establishing no difference, and this undoubtedly has made them higher. But at any rate, although the circumstances are judged by the trial court under the rules of sound discretion, there is no danger, however, of his abusing or improperly exercising such discretion, because his decision is appealable, whereas the old law gave no appeal, whatever the ruling of the trial court.

Mr. Justice Aldrey concurred in this opinion.